UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  1:13CR345 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| KEITH RICKS, | ) | |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #1083) of Defendant Keith Ricks ("Ricks") to Suppress all evidence obtained in connection with the Title III wiretaps of Defendant's cellular telephone, claiming the investigative procedure was conducted in violation of the Fourth Amendment and 18 U.S.C. § 2510, *et seq*.  Ricks also moves to suppress all evidence obtained during the search of his residence on June 19, 2013. For the following reasons, the Motion to Suppress is denied without a hearing.

**I. BACKGROUND**

After a lengthy investigation of an extensive heroin trafficking conspiracy based on the east side of Cleveland, Ohio, federal investigators sought to target Keith Ricks.

Investigators applied to this Court for four Orders (April 3, 2013; April 20, 2013; May 3, 2013; May 30, 2013) authorizing Title III interceptions over Ricks' cellular telephone.  Each application was supported by an Affidavit sworn by FBI Special Agent H. Douglas Williams. Interception of Ricks' cellular telephone began on April 4, 2013, and continued, pursuant to subsequent orders, until June 19, 2013.  On June 19, 2013, agents executed a search warrant at Ricks' residence in Cleveland, Ohio; and arrested him on a criminal Complaint.  The original Indictment and Superseding Indictment followed, charging Ricks with Conspiracy to Possess with Intent to Distribute and to Distribute One Kilogram or More of Heroin and with Use of a Telephone to Facilitate Drug Trafficking.

On December 10, 2014, Ricks filed the within Motion to Suppress, asserting that the Affidavits, in support of the wiretap intercept Applications, lack probable cause; contain only general, boilerplate allegations; have material misstatements or omit significant facts; and do not satisfy the "necessity requirement" of Title III.

In his one-paragraph Motion, Ricks merely recites that the June 19, 2013 search of his residence was conducted in violation of the Fourth Amendment.  Ricks offers no argument, evidence or applicable case law justifying his challenge; thus, the Court denies this portion of his Motion to Suppress without further analysis.

## II. LAW AND ANALYSIS

### Standard of Review

The probable cause standard for a wiretap is similar to that for a search warrant. *United States v. Alfano*, 838 F.2d 158, 161 (6th Cir.1988).  When reviewing a wiretap affidavit, the court considers whether the issuing judge had a "substantial basis for concluding

that probable cause existed." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). Under 18 U.S.C. § 2518, the issuing judge must determine, based on facts submitted by the applicant, that there is probable cause "for belief that an individual is committing, has committed, or is about to commit a particular offense enumerated in [§] 2516" and "for belief that particular communications concerning that offense will be obtained through ... interception."

"The affidavit should be reviewed in a commonsense — rather than a hypertechnical — manner, and the court should consider whether the totality of the circumstances supports a finding of probable cause, rather than engaging in line-by-line scrutiny." *United States v. Woosley*, 361 F.3d 924, 926 (6th Cir.2004). Great deference is afforded to the issuing judge's determination of probable cause, and that determination should be reversed only if the issuing judge arbitrarily exercised his discretion. *Id.*

Title III of the Omnibus Crime Control and Safe Streets Act of 1968 (Title III), 18 U.S.C. §§ 2510–2522, sets out the requirements and provisions relating to wiretapping. Title III establishes a multi-tiered approval process for obtaining a wiretap. First, an application for an interception order must be approved by the Attorney General or a high ranking Department of Justice Official. Second, a law enforcement officer must present the application to a federal judge for approval. 18 U.S.C. §§ 2516, 2518.

Title III interceptions must meet the "necessity requirement." "Under § 2518, a law-enforcement official's application for wiretap authority must contain 'a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous.' " *U.S. v.*

*Wolcott*, 483 Fed.Appx. 980 (6th Cir. 2012) (quoting 18 U.S.C. § 2518(1)(c)). "The necessity requirement ensures that a wiretap is not used as the initial step in a criminal investigation, or is otherwise resorted to in situations where traditional investigative techniques would suffice to expose the crime." *Id.* (internal quotations omitted) (citing *United States v. Rice,* 478 F.3d 704 (6th Cir. 2007); *United States v. Giordano*, 416 U.S. 505 (1974); *Alfano*, 838 F.2d at 158. "Accordingly, the application must demonstrate that the government gave serious consideration to the non-wiretap techniques prior to applying for wiretap authority and explain why, under the particular circumstances at hand, such techniques would be, or had already proven to be, inadequate." *Id.* (internal quotations omitted) (citing *United States v. Stewart,* 306 F.3d 295 (6th Cir. 2002), *United States v. Lambert*, 771 F.2d 83, 91 (6th Cir.1985)). "Nonetheless, the government need not prove the impossibility of other means of obtaining information, and, relatedly, the mere fact that some investigative techniques were successful in uncovering evidence of wrongdoing does not mandate that a court negate the need for wiretap surveillance." *Id.*

Pursuant to 18 U.S.C. § 2510(11), an "aggrieved person" is defined as any "person who was a party to any intercepted wire, oral, or electronic communication or a person against whom the interception was directed." The Government does not dispute that Ricks is an "aggrieved person" for purposes of this Motion.

**Material misstatements or omissions**

According to Ricks, Affiant falsely represents that surveillance to determine what car Ricks was driving was unsuccessful because he parked his car in the garage. Ricks argues that there was a broken-down Nissan automobile blocking use of the garage. The Court

cannot discern any misstatement or falsehood; and the point of Affiant's discussion was that physical surveillance does not allow officers to see what goes on inside residences or inside garages.

Ricks also complains about an intercepted call between Ricks and a co-defendant about police in the neighborhood looking for his brother. Ricks states that the detectives were looking for his brother regarding stolen dirt bikes which is irrelevant to their supposed drug investigation. Again, Ricks misses the point of Affiant's statements. The Agent uses the interaction about Ricks, his brother and stolen dirt bikes to explain that traditional surveillance would likely be thwarted because Ricks and his associates "actively look out for police in their neighborhood and then notify each other when they see the police in the area." (ECF DKT #1139-2, ¶ 50).

"To suppress Title III intercepts based on misstatements and/or omissions in the underlying affidavit, a defendant must show by a preponderance of the evidence that (1) the misstatements or omissions were deliberately or recklessly made, and (2) but for those misstatements or omissions, the affidavit would lack the requisite probable cause to sustain the warrant." *United States v. Haque,* 315 Fed.Appx. 510 (6th Cir. 2009) (citing *United States v. Charles*, 138 F.3d 257, 263 (6th Cir.1998), *Franks v. Delaware*, 438 U.S. 154 (1978)).

Having reviewed the challenged Affidavits, the Court concludes that they are not bare-boned generalizations and do not contain material misstatements or omissions, let alone any such statements that were deliberately or recklessly made.

**Necessity requirement**

-5-

Ricks broadly complains that wiretaps should not be utilized when traditional investigative techniques would suffice.  *Alfano*, 838 F.2d at 163.  Ricks fails to specifically point to which Applications and Affidavits, in his view, fall short of the necessity requirement.  He emphasizes that the use of pole cameras, like those outside his mother's residence, should be a reasonable and useful alternative to wiretaps.  Further, he notes that detectives were sitting in unmarked cars in the neighborhood and were successfully gathering evidence.

Affiant, on the other hand, points out the limitations of pole cameras and standard surveillance.  Agents are unable to see through the walls of buildings with these techniques and are often incapable of identifying participants in a meeting or a conversation on the street without the ability to hear them.  Further, Affiant comments that the use of witnesses' testimony was unlikely because, with Ricks' reputation for violence, witnesses would be afraid to cooperate.

Upon review of the Affidavits, the Court finds that Affiant provides detailed descriptions of potentially useful investigative methods, which were considered or tried, but deemed ineffective, unsuccessful or life-threatening.  Examples are: confidential sources; controlled drug purchases; immunity and interviews; grand jury investigation; standard surveillance; trash pulls; pen register and trap and trace; pole cameras; mobile tracking devices, mail covers; and financial investigations.  The Affidavits offer specific reasons, in relation to the facts of this case and the goals of this drug trafficking investigation, why each investigative technique ultimately proved inadequate, unlikely to succeed, or too dangerous to employ.  The Court finds that the Affidavits are more than mere lip-service and that they meet

the Title III "necessity requirement."

### III. CONCLUSION

Upon consideration of the Affidavits of FBI Special Agent H. Douglas Williams submitted in support of applications for Title III wire intercepts, and based on the totality of the circumstances, the Court concludes that probable cause existed for issuance of the Orders for wiretaps on Defendant Keith Ricks' cellular telephones. In addition, Ricks has failed to meet his burden, by offers of proof, showing that the Affidavits contain misstatements or omissions that are false and made intentionally or with reckless disregard for the truth. The Court further finds that the Affidavits satisfy the requisite necessity standard for Title III interceptions under 18 U.S.C. § 2518.

For all these reasons, the Court denies the Motion (ECF DKT #1083) of Defendant Keith Ricks to Suppress Title III Wiretap Evidence in its entirety, without a hearing.

**IT IS SO ORDERED.**

                                      **s/ Christopher A. Boyko**
                                      **CHRISTOPHER A. BOYKO**
                                      **United States District Judge**

**Dated: January 21, 2015**