**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **KEITH RICKS,** ) | **CASE NO.1:13CR0345** |
| ) | **1:17CV2314** |
| **Petitioner,** ) | **JUDGE CHRISTOPHER A. BOYKO** |
| **Vs.** ) | |
| **UNITED STATES OF AMERICA,** ) | **OPINION AND ORDER** |
| **Respondent.** ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (ECF #1861). The Government filed a Response in Opposition to Petitioner's Motion (ECF#1868). Petitioner filed a Reply to Government's Response (ECF#1873). For the following reasons, the Court denies Petitioner's Petition.

## FACTS

Petitioner was indicted on September 11, 2013, with fifty-nine co-defendants in a Superseding Indictment. Petitioner was charged with Conspiracy to Distribute Heroin

1

and Use of a Telephone to Facilitate Drug Trafficking.  The case proceeded to trial.  Petitioner was convicted of the Heroin Trafficking Conspiracy and eight counts of Using a Telephone to Facilitate Drug Trafficking.  The jury returned a Special Verdict finding that the conspiracy involved one kilogram or more of heroin.   Based on that heroin quantity and Petitioner's  two previous convictions, he was subject to a mandatory minimum term of life in prison.  On September 14, 2015, Petitioner was sentenced to a life sentence on Count One and 48 months' imprisonment on each of the remaining Counts.

Petitioner filed a timely Notice of Appeal.  The Sixth Circuit Court of Appeals affirmed the conviction and sentence on October 31, 2016.  Petitioner filed a Petition for Rehearing en banc on November 18, 2016, which was denied on January 27, 2017.  On November 3, 2017, Petitioner filed the instant Motion to Vacate under 28 U.S.C. § 2255 asserting five claims.  Claims One, Two, Four and Five assert ineffective assistance of counsel and Claim Three asserts prosecutorial misconduct.

## STANDARD OF REVIEW

Section 2255 of Title 28, United States Code, provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In order to prevail upon a §2255 motion, the movant must allege as a basis for relief: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory

2

limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid. '" *Mallett v. United States,* 334 F.3d 496-497 (6th Cir. 2003), quoting *Weinberger v. United States,* 268 F.3d 346, 351 (6th Cir.2001).

## **ANALYSIS**

To make out an ineffective assistance of counsel claim, the petitioner must demonstrate both inadequate performance by counsel and prejudice resulting from that inadequate performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." *Id.* at 686. Indeed, under the test set forth in *Strickland*, the defendant must establish deficient performance and prejudice:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction ... resulted from a breakdown in the adversary process that renders the result unreliable.

*Id.* at 687.

In Claim One, Petitioner argues that counsel did not object to or challenge the amount of narcotics and thus provided ineffective assistance. On direct appeal the Sixth Circuit found that there was sufficient evidence to support Petitioner's conviction for conspiring to distribute in excess of one kilogram of heroin. Where a claim has been raised and decided on direct review, it cannot be relitigated under Section 2255 unless

there has been an intervening change in the governing substantive law. *Withrow v. Williams*, 507 U.S. 680, 721-21 (1993); *Oliver v. United States*, 90 F.3d 177 (6th Cir. 1996). The Court agrees with Respondent that since this claim has already been considered and rejected by the Court of Appeals it cannot be raised again here. Petitioner fails to show an intervening change in the law and cannot show that Counsel's performance was deficient.

In Claim One, Petitioner also challenges the jury instructions, but did not do so on appeal. Petitioner claims that the jury should have been required to make an individual finding as to the amount of heroin for which Petitioner was personally responsible. Petitioner could have raised this issue on direct appeal. Therefore, the Court agrees with Respondent that Petitioner has procedurally defaulted this claim. A habeas petitioner who could have challenged jury instructions on appeal, but did not, must demonstrate cause for his failure to raise it and actual prejudice that resulted. *Phillip v. United States*, 229 F.3d 550, 552 (6th Cir. 2000).

Petitioner fails to provide any excuse for not raising this issue on direct appeal. Also, Petitioner has not show any actual prejudice resulting from the jury instruction. The jury instruction that was used was consistent with Sixth Circuit law. Counsel cannot be deficient for failing to challenge a proper jury instruction. Even if counsel had requested a different instruction, there was no guarantee the Court would have accepted it and Petitioner cannot demonstrate that the verdict would have been different. Therefore, the Court finds that Claim One is without merit and denied.

In Claim Two, Petitioner argues that counsel was ineffective for failing to file a

4

Motion to Suppress, failing to request a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978) on the wiretap affidavit and failing to interview a co-defendant in support of a *Franks* challenge. First, counsel did file a Motion to Suppress, which was denied without a hearing.

Second, in order to obtain a *Franks* hearing, the defendant must meet a two-pronged test. First, a defendant must make a substantial preliminary showing that specified portions of the affiant's averments were deliberately or recklessly false. *United States v. Graham*, 275 F.3d 490, 505 (6 Cir. 2001); *United States v. Hill*, 142 F.3d 305, 310 (6th Cir. 1998). "[T]he challenger's attack must be more than conclusory and must be supported by more than a mere desire to crossexamine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained." *Franks*, 438 U.S. at 171. Second, the court must find that the challenged statements were necessary to a finding of probable cause. *Id.* In *Franks*, the Court emphasized that only the affiant's deliberate falsity or reckless disregard for the truth may be challenged. *Id.* at 171.

Petitioner alleges the Affiant made false statements involving a controlled buy on February 22, 2013. Respondent asserts that the affidavit did not contain any material misstatements or omissions regarding the February 22, 2013, controlled purchase. The Special Agent described the events in the affidavit as they were told to him by the source and verified by the recording and other evidence. Further, the Special Agent included in the affidavit information that would affect the credibility of the information

5

provided by the source. The Special Agent described the substance and source of the information and provided details regarding audio recordings and other evidence that independently corroborated the information. The Special Agent further explained how other, independent evidence corroborated the statements reported to him by the source.

The Court agrees that whether the Special Agent knowingly or recklessly submitted false information must be judged on the basis of what he knew and did at the time. Petitioner has not shown any material misstatements in the agent's affidavit or that he had reckless disregard for the truth. Counsel would have reviewed the affidavit and found that it provided a detailed description of facts and circumstances showing probable cause. Thus, counsel's decision not to challenge the statements and pursue a *Franks* hearing was not unreasonable, but rather sound strategy, as was counsel's decision not to interview a co-defendant in support of a *Franks* challenge.

The Court agrees that the co-defendant's credibility would have been subject to extensive challenge, based on his involvement in the same conspiracy and long criminal history. Again, counsel's decision was sound strategy. The Court finds that Petitioner has not shown that counsel's performance was deficient. Claim Two is without merit and denied.

In Claim Three, Petitioner argues that the Government committed prosecutorial misconduct when it knowingly submitted the Special Agent's affidavit and knowingly presented false testimony. In order to establish prosecutorial misconduct or a denial of due process based on a claim of perjured testimony, the burden is on the defendant to show that the statement was false, that it was material, and that the prosecutor knew it was false. *United States v. Lochmondy*, 890 F.2d 817, 822 (6th Cir. 1989).

A review of the record shows that the Special Agent took reasonable steps to corroborate the information and the Government never presented knowingly false information. The Government was clear when introducing evidence that described Petitioner's involvement in the controlled buys. The Court finds that Petitioner fails to show that any materially false statements were known to the prosecutor and presented at trial. *See Lochmondy*, 890 F.2d at 822. Therefore, Claim Three is without merit and denied.

In Claim Four, Petitioner again alleges ineffective assistance of counsel for failing to challenge cell phone and text message evidence based on cell-site data that tracked his location and participation in a crime. The Government asserts it did not rely on cell-site information but rather precise GPS location information obtained from a Court authorized wiretap.

The record shows that during closing arguments, the Government argued that the GPS location data, text messages and conversations between Petitioner and a co-defendant clearly demonstrated his presence. The Government did not rely on cell-site location data to make this argument. The Special Agent did not testify that cell-site location data collection was used to track Petitioner's movements. Counsel cannot be ineffective for failing to challenge evidence that was not used. Claim Four is without merit and denied.

In Claim Five, Petitioner alleges that counsel was ineffective for failing to present at trial an exculpatory video of a controlled buy. The video in question showed a co-defendant involved in the buy. Petitioner argues that counsel should have used the video to show that Petitioner was not involved or present at the drug buy. However, the

Government did not argue that Petitioner sold the heroin that day, only that he was present.

The Special Agent and the undercover officer testified that Petitioner was there during the transaction. Counsel cross-examined the witness and clearly made the point that Petitioner was not involved in the sale of the drugs on this particular day. Counsel's strategic decision cannot be second-guessed now. Judicial scrutiny of counsel's performance "must be highly deferential." *Strickland*, 466 U.S. at 689. The focus is on the adequacy of counsel's actual performance, not hindsight potential for improvement. *Coe v. Bell*, 161 F.3d 320, 342 (6th Cir. 1998). The Court agrees with Respondent that this one transaction was only a portion of the voluminous evidence that the Government presented at trial.

Petitioner fails to demonstrate how counsel's professional judgment prejudiced him. Petitioner has not shown that the result of the trial would have been different if counsel had shown the video. Petitioner has offered no proof beyond mere allegation that his counsel's performance was deficient. Claim Five is without merit and denied.

Therefore, for the foregoing reasons Petitioner's Motion to Vacate is denied.

Furthermore, the Court declines to issue a certificate of appealability.

28 U.S.C. §2253(c) states:

**(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--

**(A)** the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

**(B)** the final order in a proceeding under section 2255.

**(2)** A certificate of appealability may issue under paragraph (1) only if the applicant has

made a substantial showing of the denial of a constitutional right.

**(3)** The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In *Slack v. McDaniel*, 529 U.S. 473, 483-4 (2000) the Supreme Court held,

To obtain a COA under 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot,* includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were " 'adequate to deserve encouragement to proceed further.' " (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n. 4 (1983) superceded by statute.

Since the Court has determined Petitioner's claims in his Motion to Vacate are meritless, Petitioner has failed to make a substantial showing that he was denied any constitutional right. Therefore, the Court will not issue a certificate of appealability.

IT IS SO ORDERED.

February 22, 2018  s/Christopher A. Boyko
Date  CHRISTOPHER A. BOYKO
  United States District Judge