# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 1:13CR345-01** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | |
| | ) | |
| **KEITH RICKS,** | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

**<u>CHRISTOPHER A. BOYKO, J.</u>:**

Before the Court is Defendant Keith Ricks's Motion to Reopen Petitioner's Section 2255 Motion Pursuant to Rule 60(b). (Doc. 2001). The Government responded and interpreted Defendant's Motion as a second or successive motion that required a ruling from the Sixth Circuit. (Doc. 2002). Accordingly, the Government filed a Motion to Transfer to Sixth Circuit Pursuant to *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). (*Id.*). Defendant filed a Reply disputing the Government's position. (Doc. 2005).

Defendant previously filed a Motion to Vacate pursuant to 28 U.S.C. § 2255. (Doc. 1861). On February 22, 2018, the Court denied Defendant's Motion. (Doc. 1882). In doing so, the Court declined to issue a certificate of appealability. (*Id.*). Defendant asked the Court to Alter its Judgment, which the Court denied. (Docs. 1891; Non-Doc. Entry April 6, 2018). Defendant then asked the Court to reopen the § 2255 proceedings under Federal Rule of Civil Procedure 60(b). (Doc. 1930). The Court denied that Motion as well. (Non-Doc. Entry, June 14, 2018).

Defendant appealed the Court's decisions. (Docs. 1924; 1946). Relevant to the current Motion, the Sixth Circuit treated Defendant's Rule 60(b) Motion as a second § 2255 motion, which it ultimately denied. *Ricks v. United States*, Nos. 18-3453/3649, at 5-7 (6th Cir. Apr. 10, 2019). The Sixth Circuit also declined to issue Defendant a certificate of appealability because Defendant did not meet his burden under 28 U.S.C. § 2253(c)(2). *Id.* at 12.

On April 3, 2019, Defendant filed an application with the Sixth Circuit to file a second or successive § 2255 motion. (Doc. 1995). The Sixth Circuit denied his application. (*Id.*). Defendant's current Rule 60(b) Motion and the Government's Motion to Transfer are now ripe for ruling.

Addressing the Government first, the Court denies its Motion to Transfer. "[A] Rule 60(b)(6) motion in a [§ 2255] case is not to be treated as a successive habeas petition if it does not assert, or reassert, claims of error in the movant's [federal] conviction." *Gonzalez v. Crosby*, 545 U.S. 524, 537 (2005). Defendant's Rule 60(b) Motion here does not assert or reassert claims of error arising out of his conviction. Rather, Defendant challenges the certificate of appealability stage of his initial habeas proceeding. The Sixth Circuit in Defendant's appeal treated his Rule 60(b) motion as a successive petition because Defendant sought to introduce new evidence and claims. Since he does not do the same here, Defendant's current Motion "is not the equivalent of a successive habeas petition." *Id.* at 535-36. Therefore, the Court may rule on Defendant's Motion.

Defendant moves for relief from judgment under Rule 60(b)(6). Under that Rule, a court may relieve a party from final judgment for "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6). Relief under this section "requires a showing of 'extraordinary circumstances.'" *Id.*

at 535 (citing *Ackermann v. United States*, 340 U.S. 193, 199 (1950)). These 'extraordinary circumstances' "rarely occur in the habeas context." *Id.*

Defendant has not demonstrated any extraordinary circumstances that require relief from this Court's judgment. Defendant's sole argument is based on the applicable standard to determine the grant of a certificate of appealability. This legal question does not constitute an extraordinary circumstance, especially when Defendant pursued the same question before the Sixth Circuit. The Sixth Circuit agreed with the Court and declined to issue a certificate of appealability. Defendant did not seek further review of the Sixth Circuit's decision. Defendant makes no allegations of outside factors from prohibiting his appeal of this legal question. *See generally*, *Ackermann*, 340 U.S. at 199-200 (discussing extraordinary circumstances).

Defendant's Motion is not a successive habeas petition since it does not assert or reassert a claim of error in relation to Defendant's original conviction. Therefore, the Government's Motion to Transfer (Doc. 2002) is **DENIED**. However, the legal question the Defendant challenges in his Rule 60(b)(6) Motion does not constitute an 'extraordinary circumstance' necessary to grant relief. Accordingly, Defendant's Motion (Doc. 2001) is **DENIED**. The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED.**

                                        s/Christopher A. Boyko
                                        **CHRISTOPHER A. BOYKO**
                                        **United States District Judge**

**Dated: November 27, 2019**