# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:13CR345 |
| | ) | |
| Plaintiff, | ) | SENIOR JUDGE |
| | ) | CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| KEITH RICKS, | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, SR. J.:**

Defendant asks the Court to reduce his sentence to 25 years (or less) due to extraordinary and compelling reasons.  (Doc. 2037).  The Government opposes the request.  (Doc. 2048).

For the reasons that follow, the Court **DENIES** Defendant's Motion.

## I. BACKGROUND FACTS

A Grand Jury indicted Defendant on September 11, 2013, with fifty-nine co-defendants in a Superseding Indictment.  He was charged with Conspiracy to Distribute Heroin and Use of a Telephone to Facilitate Drug Trafficking.  The case proceeded to trial.  A Jury convicted Defendant of the Heroin Trafficking Conspiracy and eight counts of Using a Telephone to Facilitate Drug Trafficking.  The Jury also returned a Special Verdict finding that the conspiracy involved one kilogram or more of heroin.

Based on the amount of heroin and his prior convictions, Defendant was subject to a mandatory minimum term of life in prison under 18 U.S.C. §§ 841(b)(1)(A) and 851.  On September 14, 2015, the Court sentenced Defendant to a life sentence on the Conspiracy count and 48 months' imprisonment on each of the remaining counts.

Defendant filed a timely appeal. In one of his claims of error, Defendant argued that the Government failed to present sufficient evidence that Defendant conspired to distribute more than one kilogram of heroin. The Sixth Circuit rejected this claim, as well as others, and affirmed the conviction and sentence. Defendant petitioned for a rehearing *en banc*, which the Sixth Circuit denied.

Later, Defendant moved to vacate the conviction and sentence under 28 U.S.C. § 2255. He asserted five grounds for relief. Pertinent here, Defendant's first claim concerned counsel's ineffective assistance, the quantity of narcotics attributable to him and the improper jury instructions regarding the same. The Court rejected this contention and, ultimately, denied Defendant's entire Motion. In rejecting Defendant's request for a certificate of appealability, the Sixth Circuit affirmed the Court's decision to deny Defendant's Motion under § 2255.

In June of 2020, Defendant moved for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). (Doc. 2037). The Government opposed the request (Doc. 2048), to which Defendant replied. (Doc. 2074). Both parties then provided multiple supplements further arguing the issue. (Docs. 2076, 2085, 2105, 2111, 2121, 2123, 2124, 2135 & 2140).

## II. LAW & ANALYSIS

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, in certain circumstances, a defendant may ask the court to modify a sentence, colloquially known as "compassionate release." *Id.* at § 3582(c)(1)(A). While frequently thought of as requiring immediate release, the statute allows a district court to "reduce but not eliminate a defendant's prison sentence[.]" *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020); *see also*, *United States v. Rodriguez*, 492 F. Supp. 3d 306, 309 (S.D.N.Y. 2020) (reducing life sentence to 30 years).

Before requesting a reduction, a defendant must exhaust his administrative remedies.  18 U.S.C. § 3582(c)(1)(A); *United States v. Alam*, 960 F.3d 831, 835 (6th Cir. 2020).  The Government does not contest that Defendant exhausted his administrative remedies.  (*See generally*, Doc. 2048, PageID: 16282).

After a defendant exhausts his administrative remedies, he may ask the court for compassionate release.  A district court may reduce a term of imprisonment if the court finds "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the United States Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A)(i).[1]

However, the Sixth Circuit recently determined that, when an imprisoned person files his own request for sentence reduction, there is no applicable policy statement.  *See United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020).  That is because the once-applicable policy statement— U.S.S.G. § 1B1.13—was rendered 'inapplicable' by the passage of the First Step Act and the Sentencing Commission's subsequent failure to update the policy statement.  *Id.* at 1109-11.  Therefore, federal courts may forgo consulting the policy statement and define 'extraordinary and compelling reasons' on their own.  *Id.* at 1111.

After *Jones* then, district courts must: 1) "find" that extraordinary and compelling reasons support a reduction; and 2) "consider all relevant sentencing factors listed in 18 U.S.C. § 3553(a)."  *Id.* at 1101 (citing 18 U.S.C. § 3582(c)(1)(A)).  Regarding the first finding, "district courts have discretion to define 'extraordinary and compelling' on their own initiative," *United States v. Elias*, 984 F.3d 516, 519-20 (6th Cir. 2021), but a defendant's rehabilitation alone is not

---

[1] There is a second scenario that entitles a defendant to relief based on his age, but that section is not applicable to Defendant.  *See* 18 U.S.C. § 3582(c)(1)(A)(ii).

enough.  28 U.S.C. § 994(t).  And when it comes to the second consideration, a district court is "obligate[d] to provide reasons" for its decision, especially when the original sentencing judge and the compassionate release judge are different persons.  *Jones*, 980 F.3d at 1112-13. Importantly however, "district courts may deny compassionate-release motions when any of the three perquisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Elias*, 984 F.3d at 519.

Ultimately, "[t]he defendant has the burden to show that he is entitled to a sentence reduction" under § 3582(c)(1)(A).  *United States v. Ebbers*, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020).

Throughout his briefing, Defendant cites two primary reasons for a sentence reduction: 1) the First Step Act of 2018 amendments to 21 U.S.C. § 841; and 2) an improper sentence based on drug weight attributed to the whole conspiracy rather than to him individually.  But the Court finds that neither reason is 'extraordinary and compelling' under § 3582(c)(1)(A).

Defendant's first reason fails because the First Step Act amendment he relies on is not retroactive.  *See* FSA § 401(c); *United States v. Wills*, 991 F.3d 720, 723 (6th Cir. 2021).  Rather, the Act's amendment only applies to defendants who have not been sentenced by December 21, 2018.  First Step Act, § 401(c); *Wills*, 991 F.3d at 723.  As of December 21, 2018, Defendant was a convicted and sentenced prisoner.  Per the Supreme Court, this is an ordinary practice, and what is viewed as "the 'ordinary practice' cannot also be an 'extraordinary and compelling reason' to deviate from that practice."  *Wills*, 991 F.3d at 723-24 (citing *Dorsey v. United States*, 567 U.S. 260, 280 (2012)).  The Court also agrees with those Courts who have refused to "render § 401(c) useless by using § 3582(c)(1)(A) as an end run around Congress's careful effort to limit

the retroactively of the First Step Act's reforms." *United States v. Tomes*, 990 F.3d 500, 505 (6th Cir. 2021). Accordingly, Defendant first reason for a sentence reduction fails.

As does his second. The issue Defendant complains about has been known since his sentencing. He had the opportunity to present the issue during both his appeal and collateral attack under § 2255. Yet both arguments failed. Like the reasoning above, the Court does not find Defendant's third bite at the apple in contesting a sentencing issue an extraordinary and compelling reason. Accordingly, Defendant has not presented an extraordinary and compelling reason for a sentence reduction and the Court must deny his Motion.

But even if Defendant did present an extraordinary and compelling reason for a reduction, the Court determines that the factors identified in 18 U.S.C. § 3553(a) weigh against such relief. The Court originally presided over this matter and remembers well the evidence and testimony presented against Defendant. It was the Court's opinion then, as well as its opinion still, that Defendant was one of the most dangerous individuals that has ever been before the Court. And a few good years of behavior in a highly regulated environment does not atone for a lifetime of criminal behavior. As the Court found at Defendant's original sentencing, "the life sentence is appropriate based on everything that has been presented, everything that has been discussed, by the Government and found by the Court." (Doc. 1615, PageID: 13843). For these reasons and more, a reduced sentence of 25 years or less does not accomplish the goals of just punishment, deterrence, protection of the public and Defendant's rehabilitation.

### III. CONCLUSION

Defendant's request for a sentence reduction must fail. Not only has he failed to present an extraordinary and compelling reasons for a reduction, the § 3553(a) factors continue to weigh in favor of a lengthy sentence. Accordingly, the Court **DENIES** Defendant's Motion (Doc. 2037).

**IT IS SO ORDERED.**

           s/ Christopher A. Boyko
          **CHRISTOPHER A. BOYKO**
          **Senior United States District Judge**

**Dated: April 26, 2021**